JUNE TERM,
1838.

Steam-boat, U. S.
v.
Mayor, &c. of
St Louis.

---

STEAM-BOAT, UNITED STATES, v. MAYOR, &c. OF ST. LOUIS.

If a keel-boat, moored in a proper place, and reasonably protected from the contact of other vessels, be injured by the landing of a steamboat, the owners of the steam-boat are liable for the damages, though the managers of the boat used ordinary care, and used no intentional violence against the keel.

*J. Spalding,* counsel for plaintiff in error:

1. There was no proof that the United States did negligently and wilfully run against a certain keel-boat, named the Tom Roberts, and thereby cause the damage complained of. The verdict, therefore, was against evidence.

2. The verdict is against the weight of evidence. There were only three witnesses as to the facts relating to the manner in which the injury was done. Two of them swore positively that the United States did not, either negligently or wilfully, run against the keel or against the Chariton, and the fact that the spar dropped at such slight force, shows that the keel was not well secured.

3. It was against law, for the evidence did not support the complaint.

4. The court erred in giving and refusing instructions. The principle assumed by the court is, that if damage was done by the agitation of the water, or otherwise, by

the approach of the United States to the landing, although she was not in fault, but used all due care and precaution, yet that she is to pay for it.

JUNE TERM,
1838.

Steam-boat, U. S.
v.
Mayor, &c. of
St. Louis.

*A. W. Manning*, counsel for defendants in error:

1. That every man in using his property should take care that he does not injure his neighbor—Bull's N. P. 25—and particularly where the injury is done in a place where he who does it has no right to be.

2. That the absence of REASONABLE CARE, (very wilful negligence) is inferred, when the act causing the injury is done after the admonition of those whose situation enables them to be the better judges, and which must have been known to the defendant from the nature of the circumstances.

3. That if, under these circumstances, damage ensues, the *onus probandi* lies upon the defendants to prove that it was unavoidable, and if not unavoidable, any *"reasonable precaution"* would not release them.

4. That in this case it was not necessary to prove *unusual* or gross negligence on the part of defendant, the defendant being liable for damage done even while exercising ordinary care. 1 Selwyn's N. P. 369; Correll v. Laming, 2 Camp. N. N. C. 497; Turner v. Hawkins, 1 Bos. & Pul. 472.

5. That in the navigation of steam-boats, strict or scrupulous care should be used to avoid injury to others and their property.

EDWARDS, Judge, delivered the opinion of the court.

The mayor, aldermen and citizens of the city of St. Louis, commenced an action against the steam-boat United States, by filing a complaint under the act to provide for the collection of demands against boats and vessels. The complaint alleges that the defendant negligently and wilfully run against a certain keel-boat, the property and in the possession of the plaintiffs, and did said boat great damage and injury. The defendant pleaded, first, the general issue; second, that said boat United States did not run against the said keel-boat, and injure the same as charged; third, that the injury done to said keel-boat was not by the default, negligence or mal-conduct of the owners of said steam-boat, or their agents or servants.

The proof is, that the keel-boat was lying at the wharf in St. Louis; that the steam-boat Chariton was along side the said keel-boat; that the keel-boat was between the

JUNE TERM,
1838.

Steam-boat, U. S.
v.
Mayor, &c. of
St. Louis.

Chariton and the shore; that the Chariton was *propped* from the keel-boat by a spar, one end of which rested against the shore and the other against the Chariton; that at night the steam-boat United States came in and attempted to land; that the officers on board the Chariton told the officers on board the United States that they could not get in there; that a cable of the United States was carried ashore and made fast, and that the engine of the United States was put in motion, and that the United States was thus forced against the Chariton; that the spar which held the Chariton from the keel-boat was tripped, and the Chariton forced against the keel-boat, by which means the upper works of the keel-boat were broken off.

The defendant asked the court to instruct the jury as follows:

1. The steam-boat United States is not liable in this action, unless the jury are of opinion, from the evidence, that the United States was landed against the Chariton with unusual negligence and force.

2. If those who navigated the United States used usual precaution in coming in along the Chariton and while there, they are bound to find for the defendant.

The court refused to give these instructions, and gave the following: That if the jury should be of opinion that the keel-boat was moored in the proper place, and in such a way as to be reasonably secured from injury by the pressure or contact of vessels of any description arriving at the wharf or effecting a landing, and that notwithstanding such ordinary and reasonable precaution the said keel-boat was injured by the steam-boat United States, when in the act of arriving or making good her landing, they should find for the plaintiff, although it might appear to the jury that said-boat had approached the wharf with the care usual upon such occasions, and without any intentional violence or pressure upon the said keel-boat; that the court in such a case was of opinion, that the maxim of law, that "you should so use your own as not to hurt your neighbor's property," was applicable, and furnished the principle that should govern the verdict.

The several issues were found for the plaintiffs, and the court gave judgment against the defendant. The defendant then moved for a new trial for the following reasons: 1. The instructions of the court were illegal. 2. The verdict was against evidence. 3. The verdict was against the weight of evidence. The motion for a new trial was overruled. It is assigned for error: 1. That the court refused the instructions asked by defendant be-

low. 2. That the court gave wrong instructions. 3. That the court refused to grant a new trial.

The first error assigned is, that the court refused the instructions asked by the defendant. This was no error; the instructions were properly refused. As said by the circuit court, "the maxim of law, that you shall so use your own as not to hurt your neighbor's property, was applicable, and furnished the principle that should govern the verdict" in this case. The instructions given by the court were correct; the evidence was sufficient to justify the finding of the jury, and the motion for a new trial was therefore properly overruled. The ease and facility with which steam-boats can generally be managed, places it almost completely within the power of the officers managing them to avoid doing injury to the persons or property of others; and, on the other hand, their immense power, and the great rapidity with which they move, may often place it beyond the power of individuals to protect themselves or their property from injury by a boat improperly managed. Steam-boats should, therefore, be held to the strictest and most scrupulous care in navigating our rivers. The judgment in this case ought to be affirmed, and the other judges concurring, it is affirmed.

*Margin:* JUNE TERM, 1838.

If a keel-boat, moored in a proper place, and reasonably protected from the contact of other vessels, be injured by the landing of a steam-boat, the owners of the steam-boat are liable for the damages, though the managers of the boat used ordinary care, and used no intentional violence against the keel.